JUDGE SWEET

08 CV 01155

RECEIVED
FEB 0 5 2008
U.S.D.C. S.D. N.Y.
CASHIERS

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
DOMINA SHIPMANAGEMENT LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOMINA SHIPMANAGEMENT LTD.,                    ECF CASE

                      Plaintiff,
- against -                                                      08 Civ.

MEDWAY CHARTERING LTD., a/k/a MEDWAY
CHARTERING BAHAMAS, a/k/a MEDWAY
CHARTERING and INTRESCO LIMITED, a/k/a
INTRESCO LTD., a/k/a INTRESCO,

                      Defendants.
------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff DOMINA SHIPMANAGEMENT LTD. ("DOMINA"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendants, MEDWAY CHARTERING LTD., a/k/a MEDWAY CHARTERING BAHAMAS, a/k/a MEDWAY CHARTERING ("MEDWAY"), and INTRESCO LIMITED, a/k/a INTRESCO LTD., a/k/a INTRESCO ("INTRESCO"), alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333.

2.    At all material times, plaintiff DOMINA was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of

business at 98 Kolokotroni Street, 185 35, Piraeus, Greece and was the owner of the M/V SEA GREETING ("the Vessel").

3. Upon information and belief, at all material times, defendant MEDWAY was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at 50 Shirley Street, Nassau, Bahamas and was the charterer of the Vessel.

4. Upon information and belief, at all material times, defendant INTRESCO was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Level 3, 3 Harbor Exchange Square, London E14 9GE, United Kingdom and was the guarantor of MEDWAY's performance under a Time Charter dated December 5, 2007 (the "Charter Party") between DOMINA and MEDWAY.

5. Under the terms of the Charter Party, defendant MEDWAY chartered the Vessel from plaintiff DOMINA for a period of about 50 to 90 days.

6. On or about December 5, 2007, defendant INTRESCO provided a written guarantee of the performance of the Charter Party by MEDWAY to plaintiff DOMINA.

7. Upon information and belief, the ship chartering market reportedly began to decline shortly after the Charter Party was executed.

8. Due to the reported decline in the ship chartering market, defendant MEDWAY requested early termination of the Charter Party.

9. Plaintiff DOMINA granted early termination of the Charter Party to defendant, but in consideration thereof, requested an early termination payment of $350,000 from defendant, and it was implicit in the agreement that the early termination

payment would be paid along with the last hire payment. Defendant agreed to pay these sums.

10. On or about January 21, 2008, defendant MEDWAY re-delivered the Vessel to plaintiff DOMINA as agreed.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT MEDWAY

11. Repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above as if set forth herein at length.

12. On or about January 22, 2008, defendant MEDWAY wire transferred the last hire payment for the charter of the Vessel to plaintiff DOMINA.

13. Defendant MEDWAY in breach of the Charter Party wrongfully deducted the amount of $54,615.58 from the last hire payment based on an alleged poor speed and performance of the Vessel during bad weather and rough seas.

14. Defendant MEDWAY in breach of the Charter Party also wrongfully deducted the amount of $133,097.25 from the last hire payment based on an allegation that owners failed to disclose the design of the Vessel's cranes, which did not allow four of the Vessel's cranes to work at the same time.

15. Defendant MEDWAY in breach of the Charter Party wrongfully and without explanation failed to pay an outstanding amount of the last hire payment due and owing to the Plaintiff MEDWAY in the amount of $58,275.61.

16. Although duly demanded by plaintiff DOMINA, defendant MEDWAY has failed to pay the foregoing outstanding amounts that should have been remitted in the last hire payment for a total amount of $245,988.4 due and owing from defendant to plaintiff.

## SECOND CAUSE OF ACTION AGAINST INTRESCO

17. Repeats and re-alleges each and every allegation set forth in paragraphs 1 through 16 above as if set forth herein at length.

18. Pursuant to its guarantee of the Charter Party, defendant INTRESCO guaranteed the "performance, hire payments and any amounts/duties/liabilities due for and on behalf of" defendant MEDWAY.

19. In light of defendant MEDWAY's failure to perform as per the allegations set forth in the FIRST CAUSE OF ACTION AGAINST MEDWAY, defendant INTRESCO is liable under the guarantee to plaintiff to remit the outstanding hire payments due and owing.

20. Pursuant to Clause 67 of the Charter Party, disputes between plaintiff DOMINA and defendants MEDWAY and INTRESCO are subject to English law and subject to the jurisdiction of the High Court of Justice in England and Wales.

21. Under English law, plaintiff would expect the High Court of Justice to award interest on the principal amounts awarded at a rate of approximately 8% per annum. Plaintiff has therefore calculated interest on the sums set forth in paragraphs ¶ 13 through ¶ 16 of the Verified Complaint herein based on that interest rate.

22. Under English law, plaintiff would also expect the High Court of Justice to award the legal costs incurred by the plaintiff in pursuing this claim against defendants. These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the hearing, costs associated with the claim itself, and travel costs and expenses for witnesses attending the hearing.

23. The defendants cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B"), but upon information and belief, MEDWAY and/or INTRESCO have, or will have during the pendency of this action, tangible or intangible property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendants MEDWAY and/or INTRESCO.

24. Plaintiff DOMINA hereby demands:

(a) Payment of $245,988.44 as security for amounts of the last hire payment wrongfully withheld by defendant MEDWAY and which is due and owing to plaintiff under the Charter Party;

(b) Payment of $40,000.00 as security to cover interest on the amount in paragraph (a) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein in the event the amounts in paragraph (a) above shall increase over time; and

(c) Payment of $60,000.00 as security to cover the legal costs in connection with the London litigation as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total $345,988.44**

WHEREFORE, plaintiff DOMINA prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants citing them to appear and

answer under oath all and singular the matters alleged;

b.    since defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B, attaching all of the defendants' tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendants by any garnishees within this District, in the amount of $345,988.44 to secure plaintiff DOMINA's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B answer the matters alleged;

c.    this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.    judgment be entered by this Court in favor of plaintiff and against defendants enforcing and recognizing the High Court of Justice's judgment(s) that may be rendered on the claims set forth herein; and

e.    plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: February 5, 2008

                LYONS & FLOOD, LLP
                Attorneys for plaintiff
                DOMINA SHIPMANAGEMENT LTD.

By: _____
      Kirk M. Lyons (KL-1568)
      65 West 36th Street, 7th Floor
      New York, New York 10018
      (212) 594-2400

U:\kmhldocs\2652006\Legal\Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff DOMINA SHIPMANAGEMENT LTD., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff DOMINA SHIPMANAGEMENT LTD., is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: February 5, 2008

_____
Kirk M. Lyons

U:\kmhldocs\2652006\Legal\Verified Complaint.doc