UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DOMINA SHIPMANAGEMENT LTD.,

              Plaintiff,

    - against -

MEDWAY CHARTERING LTD., a/k/a MEDWAY
CHARTERING BAHAMAS, a/k/a MEDWAY
CHARTERING and INTRESCO LIMITED, a/k/a
INTRESCO LTD., a/k/a INTRESCO

              Defendants.
-----------------------------------------------------------------x

                                       08 cv 01155 (RWS)

# INTRESCO LIMITED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE AN ORDER OF MARITIME ATTACHMENT AND GARNISHMENT

## <u>Table of Contents</u>

Preliminary Statement ...................................................................................................... 3

Relevant Background Facts ............................................................................................... 4

Procedural History and Pending Attachments .................................................................. 5

Argument ........................................................................................................................... 6

**POINT I**
**DOMINA HAS FAILED TO ALLEGE A *PRIMA FACIE* ADMIRALTY
CLAIM AGAINST EITHER INTRESCO (UK) OR INTRESCO (BVI)** ........ 6

**POINT II**
**THE ORDER OF ATTACHMENT MUST BE VACATED AS
PLAINTIFF'S CLAIMS ARISING OUT OF THE GUARANTEE AGAINST
INTRESCO (UK) ARE NOT RIPE** ................................................................. 8

**POINT III**
**THE FUNDS PRESENTLY UNDER ATTACHMENT SHOULD BE
RELEASED AS THEY BELONG TO AN INNOCENT THIRD-PARTY
WHO HAS NOTHING TO DO WITH THE UNDERLYING CHARTER
PARTY AND/OR GUARANTEE** ................................................................. 11

**POINT IV**
**DOMINA'S CLAIM IS OVERSTATED AND THE ORDER OF
ATTACHMENT MUST BE REDUCED** ......................................................... 12

**POINT V**
**DOMINA SHOULD BE REQUIRED TO POST COUNTER-SECURITY IN
AN AMOUNT EQUAL TO INTRESCO'S ATTACHED FUNDS** ................ 13

Conclusion ...................................................................................................................... 14

## PRELIMINARY STATEMENT

**COME NOW**, undersigned counsel on behalf of Specially Appearing parties, INTRESCO LIMITED, (hereinafter "Intresco (UK)" and/or "Intresco (BVI)") (as detailed below and as their respective interests are involved), who submits this Memorandum of Law in Support of its Motion to Vacate an Order of Maritime Attachment and Garnishment.  As more fully set forth herein and in the accompanying Affirmation of George M. Chalos, Plaintiff, DOMINA SHIPMANAGEMENT, (hereinafter "Domina") has failed to state a maritime claim as against either Intresco (UK) or Intresco (BVI).[1]  Moreover, Plaintiff's claim against Intresco (UK) is premature, as its cause of action is contingent on: (1) Domina pursuing a claim against Defendant MEDWAY CHARTERING BAHAMAS' (hereinafter "Medway") in the London High Court; (2) the London High Court finding that Medway failed to perform its obligations under the charter party (an allegation which is disputed), and (3) Medway's subsequent failure to honor the London High Court's judgment.

Additionally, the specific funds which have been attached by Domina belong to Intresco (BVI), an innocent, third-party company which had nothing to do with either the underlying charter party (between Medway and Domina) or the Intresco (UK) guarantee agreement.  As such, the funds previously restrained pursuant to this Court's Order and Process of Maritime Attachment and Garnishment must be released, *as a matter of law*.

Intresco (UK) further respectfully submits that the quantum set forth in the Order of Attachment should be reduced as Plaintiff's claim is overstated and exaggerates the amount of legal costs and fees it may be entitled to recover in London. Intresco (UK)

---

[1]Intresco (UK) and Intresco (BVI) are completely separate and distinct business entities.   Intresco (BVI) had nothing to do with either the underlying charter party or financial guarantee made by Intresco (UK).

further requests this Honorable Court to issue an Order requiring Domina to post counter-security.

## RELEVANT BACKGROUND FACTS

A Time Charter Party for the M/V SEAGREETING was entered into between Domina and Medway on or about December 5, 2007. A copy of this Charter Party is attached to the Affirmation of George M. Chalos as Exhibit "C". By agreement of the parties, the ship was redelivered on or about January 21, 2008. Subsequently, Plaintiff has alleged that Medway failed to pay and/or has wrongly deducted hire in the amount of $245,988.44.

Defendant Intresco (UK) is a foreign corporation, organized under the laws of England and Wales, with principal place of business in London, England. Intresco Limited (UK)'s Certificate of Incorporation and Articles of Association are attached to the accompanying Affirmation of George M. Chalos as Exhibit "B". Defendant Intresco (UK) is guarantor of Medway's "performance, hire payments, and any amounts/duties/liabilities due" as to be determined in the London High Court pursuant to English Law. *See* Letter from Intresco (UK) to Owners/Managers of the M/V SEAGREETING attached to the accompanying Affirmation of George M. Chalos as Exhibit "D".

Intresco (BVI) is a foreign corporation, organized under the laws of the British Virgin Islands with a principal place of business in Tortola, British Virgin Islands. A copy of the Certificate of Incorporation and Articles of Association for Intresco Limited (BVI) are attached to the accompanying Affirmation of George M. Chalos as Exhibit "A". Intresco (BVI) has *absolutely nothing* to do with the underlying charter party

4

between Domina and Medway; and had *absolutely nothing* to do with the guarantee issued by Intresco (UK). In fact, Domina has no substantive good faith basis to pursue any claim or allegation against Intresco (BVI).

## PROCEDURAL HISTORY AND PENDING ATTACHMENTS

Plaintiff commenced this ex parte Rule B attachment action on or about February 5, 2008, by the filing of a Verified Complaint. *See* Docket Entry No. 1. Pursuant to its Complaint, an Ex Parte Order and Process of Maritime Attachment was issued, providing that funds up to the amount of $345,988.44 could be attached against named defendants "Medway Chartering Ltd. a/k/a Medway Chartering Bahamas, a/k/a Medway Chartering" and "Intresco Limited, a/k/a Intresco Ltd., a/k/a Intresco." *See* Docket Entry No. 3. To date, Domina has attached four (4) separate electronic fund transfer payments (EFT's) passing through New York intermediary banks totaling $135,115.64. Specifically, the following amounts belonging to Intresco BVI were attached on the following dates:

1.  On February 8, 2008, an EFT originating from Intresco (BVI) was restrained by Deutsche Bank in the amount of $34,590.24
2.  On February 11, 2008, an EFT originating from Intresco (BVI) was restrained by Deutsche Bank in the amount of $79,107.00.
3.  On February 13, 2008, an EFT transferred to Intresco (BVI) was restrained by JP Morgan Chase Bank in the amount of $6,449.50.
4.  On February 14, 2008, an EFT transferred from Intresco (BVI) was restrained by JP Morgan Chase Bank in the amount of $14,968.90.

Plaintiff's Notices of Attachment are attached as Exhibits "E" through "H" in the accompanying Affirmation of George M. Chalos.

Since the issuance of the Ex Parte Order and Process of Maritime Attachment, *only* funds belonging to Intresco (BVI), a separate and distinct entity from Intresco (UK) have been attached. Intresco (BVI)'s bank, Nordea, has confirmed that the funds which

were being wire transferred and are presently held under attachment were sent by and for the benefit of Intresco (BVI).

## ARGUMENT

### POINT I

### DOMINA HAS FAILED TO ALLEGE A *PRIMA FACIE* ADMIRALTY CLAIM AGAINST EITHER INTRESCO (UK) OR INTRESCO (BVI)

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure sets forth the process "by which a party may attach another party's assets." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 438 (2d Cir. 2006). Once defendant's property has been restrained by a maritime attachment order, Rule E(4)(f) provides defendant an opportunity to appear before the Court to contest the attachment. *See* Fed. R. Civ. P. Supp. R. E(4)(f). At a Rule E(4)(f) hearing, defendant "can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." Fed. R. Civ. P. Supp. R. E(4) advisory committee's note. Rule E(4)(f) provides in pertinent part: "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt[2] hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Rule E(4)(f) "is designed to satisfy the constitutional requirement of due process by guaranteeing to the [defendant] a prompt post-seizure hearing at which he can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 272 (2d Cir. 2002) (quotation omitted).

---

[2] Southern District of New York Local Admiralty Rule E.I requires that "the adversary hearing following arrest or attachment or garnishment that is called for in Supplemental Rule E(4)(f) shall be conducted by a judicial officer within three court days, unless otherwise ordered."

At the Rule E(4)(f) hearing, the plaintiff bears the burden to show the following: "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." Aqua Stoli at 445 (footnote omitted).[3]

Rule E(4)(f) clearly places the burden on the plaintiff to show that an attachment was properly ordered and complied with the requirements of Rules B and E. Aqua Stoli at 445. If plaintiff fails to demonstrate that it has met the requirements, as this is the case here, the Court must vacate the attachment. For the reasons more fully set forth above, below, and in the accompanying Affirmation of George M. Chalos, it is respectfully submitted that Plaintiff, Domina has failed to meet its threshold burden of establishing that it has a maritime claim as against either Intresco (UK) or Intresco (BVI).

Here it is common ground that Domina and Medway entered into a charter party agreement which Intresco (UK) guaranteed. See Exhibit "C" of the accompanying Affirmation of George M. Chalos. However, neither Intresco (UK) nor Intresco (BVI) were a party to the agreement. Rather, Intresco (UK) merely agreed to guarantee Medway's "performance, hire payments, and any amounts/duties/liabilities due." See Exhibit "D" to the accompanying Affirmation of George M. Chalos. The Courts have routinely held that agreements to guarantee liabilities from underlying maritime contracts (as is the case here with respect to Intresco (UK)),[4] are not within the definition of

---

[3] It is axiomatic to state that a party seeking to invoke the subject matter jurisdiction of a court has the burden of demonstrating that there is subject matter jurisdiction in the case. Deval Denizcilik Ve Tigaret A.S. v. Agenzia Tripcovich S.R.L and Banca Popolare di Milano, 513 F. Supp. 2d 6 (S.D.N.Y. 2007) citing Shenandoah v. Halbritter, 366 F.3d 89, 91 (2d. Cir. 2004).
[4] Again, Intresco (BVI) had nothing to do with either the underlying charter party or Intresco (UK) guarantee.

maritime contracts and otherwise outside the threshold of "maritime claims." Deval
Denizcilik Ve Tigaret A.S. v. Agenzia Tripcovich S.R.L and Banca Popolare di Milano,
513 F. Supp. 2d 6 (S.D.N.Y. 2007); see also, Fednav, Ltd. v. Isoramar, S.A., 925 F.2d
599, 601 (2d Cir. 1991) (agreement to act as surety for another's breach of charter party
is non-maritime); Pacific Surety Co. v. Leatham & Smith Towing & Wrecking Co., 151
F. 440, 444 (7th Cir. 1907) ("The money liability is assumed in a new contract, under a
new form and by a new party, and is thus equally distinguishable from the original
maritime contract."); see also Black Sea State Stamship Line v. Associate of International
Trade District 1 Inc., 95 F.Supp. 180 (S.D.N.Y. 1951) ("contract of indemnity" not
within the admiralty jurisdiction).  This is because:

> the direct subject-matter of the suit is the covenant to pay such damages, which
> neither involves maritime services nor maritime transactions; and . . . the mere fact
> that the event and measure of liability are referable to the charter party does not
> make the [agreement to pay] a maritime contract, nor make its obligation maritime
> in a jurisdictional sense.
> See Deval Denazcilik at 9, citing Fednav, Ltd. at 601.

Domina itself acknowledges in its Complaint that Intresco (UK) merely provided
a "written guarantee of the performance of the Charter Party by Medway." See Verified
Complaint at ¶ 6.

Moreover, there is no substantive or good faith basis for Domina to pursue any
claim against Intresco (BVI) for liability assuming either from the underlying charter
party or the Intresco (UK) guarantee.

Accordingly, Intresco (UK) and Intresco (BVI) respectfully submit that the
pending Ex Parte Order of Attachment as against Intresco (UK) and/or Intresco (BVI)
must be vacated, as a matter of law, as Plaintiff has failed to plead a prima facie
maritime claim as against either Intresco (UK) or Intresco (BVI).

## POINT II

### THE ORDER OF ATTACHMENT MUST BE VACATED AS PLAINTIFF'S CLAIMS ARISING OUT OF THE GUARANTEE AGAINST INTRESCO (UK) ARE NOT RIPE

Assuming, *arguendo,* that the Court does not vacate the pending attachment on the basis of the arguments stated above, there can be no dispute that the underlying charter party between Domina and Medway provides for resolution of disputes in the London High Court. *See* Charter Party attached to the accompanying Affirmation of George M. Chalos as Exhibit "C" at Clause 67. However, upon information and belief, Plaintiff has failed to take <u>any</u> affirmative steps or action to commence proceedings in the previously agreed forum. In fact, Domina's claim against Intresco (UK) is a strictly contingent claim subject to several conditions precedent; none of which have been met.

As an initial matter, Domina must first bring its claim in the London High Court (i.e. the appropriate and previously agreed forum), which it has yet to do. Then, Domina must obtain a finding from the London High Court that Medway failed to perform its charter party obligations and Medway owes some liability to Domina; following which, Medway must fail to honor the obligations (potentially) to be imposed by the High Court. It is then, and only then, that Domina's right to seek performance on the Intresco (UK) guarantee will become ripe. *See* <u>Tamman v. Schinazi</u>, 2004 U.S. Dist. LEXIS 13896 (S.D.N.Y. 2004) (liability premised upon the theory that defendant agreed to act as a guarantor is obviously contingent upon the establishment of the underlying obligation).

Moreover, the nature and substance of Domina's claim against Intresco (UK) is analogous to the Rule B attachment cases which address contingent claims. In the Second Circuit, courts "have not been receptive to contingent [indemnity] claims as bases

9

for maritime arrests for attachments." <u>Sonito Shipping Company Ltd. v. Sun United Maritime Ltd.</u>, 478 F.Supp.2d 532, 540 (S.D.N.Y. 2007) citing <u>Greenwich Marine, Inc. v. S.S. Alexandria</u>, 339 F.2d 901 (2d Cir. 1965).

In <u>Greenwich Marine, Inc. v. S.S. Alexandra</u>, 339 F.2d 901 (2d Cir. 1965), after the cargo interests asserted a claim for damage, the charterers commenced an action for indemnity against the shipowner and seized the vessel. The district court dismissed the action on the ground that the action "based on this indemnity claim did not state any cause of action justiciable in admiralty but instead was entirely speculative and hypothetical." <u>Id.</u> at 903. On appeal, the Second Circuit defined the question as "whether Greenwich's libel stated a good 'cause of action' in admiralty against the Alexandra and Fidelity, thereby entitling it to have the U.S. Marshal seize the Alexandra." <u>Id.</u> at 904. The Court of Appeals concluded that "the district court properly held that this claim was premature," no judgment having been entered against the charterer for the cargo damage and no suit having been instituted against it. <u>Id.</u> at 905.

More recently, a number of district judges of this Court have vacated maritime attachments based upon comparable claims for contingent indemnity. See, e.g., <u>J.K. Int'l, Pty., Ltd. v. Agriko S.A.S</u>, No. 06 Civ 13259, 2007 WL 485435 (S.D.N.Y. Feb. 13, 2007) (Karas, J.), at *4, *5 ("Plaintiff's claims against defendant are therefore for indemnity only, and Plaintiff must show that its indemnity claim is ripe"; in absence of evidence that shipowner intended to press a demurrage claim against charterer, charterer's claim for contingent indemnity against cargo receivers "is simply too thin a reed to rest on when Plaintiff carries the burden of defending the Attachment"); <u>Bottiglieri di Navigazione SPA v. Tradeline LLC</u>, No. 06 Civ. 3705, 472 F. Supp. 2d 588, 2007 U.S.

Dist. LEXIS 8278, 2007 WL 404657 (S.D.N.Y. Feb. 6, 2007) (Kaplan, J.), at *2 (where back-to-back charter parties required that contract disputes be arbitrated in London under English law, shipowner had settled cargo receivers' claim for damages, and shipowner had announced its intention to seek to recover that payment from the head charterer in arbitration, head charterer's claim for contingent indemnity against sub-charterer could not sustain a maritime attachment of the sub-charterer's property; "[t]his claim for indemnity is not ripe under English law. Plaintiff thus has not established the 'valid prima facie admiralty claim' required under Aqua Stoli.").

Accordingly, as Plaintiff's claims arising out of the guarantee issued by Intresco (UK) are not ripe, it is respectfully submitted that the Court must vacate the pending Ex Parte Order of Attachment *as a matter of law.*

## POINT III

### THE FUNDS PRESENTLY UNDER ATTACHMENT SHOULD BE RELEASED AS THEY BELONG TO AN INNOCENT THIRD-PARTY WHO HAS NOTHING TO DO WITH THE UNDERLYING CHARTER PARTY AND/OR GUARANTEE

As stated above, Domina has attached funds totaling USD$135,115.64 which belong to Intresco (BVI), an entity organized under the laws of the British Virgin Islands. *See* Articles of Association for Intresco (BVI) attached to the Affirmation of George M. Chalos as Exhibit "A". Intresco (BVI) is separate and distinct from Intresco (UK), and had *absolutely nothing* to do with the underlying charter party (between Domina and Medway). Moreover, Intresco (BVI) had *absolutely nothing* to do with the guarantee issued by Intresco (UK).

As there is no substantive basis upon which Domina could maintain any action as against Intresco (BVI), let alone a maritime claim sufficient to support an Ex Parte Rule

11

B attachment action, it is respectfully submitted that the funds presently belonging to Intresco (BVI), which are presently being restrained must be released from attachment, *as a matter of law*, and any and all claims as against Intresco (BVI) be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

## POINT IV

## DOMINA'S CLAIM IS OVERSTATED AND THE ORDER OF ATTACHMENT MUST BE REDUCED

Assuming, *arguendo*, that the Court does not vacate the Ex Parte Order of Attachment on the grounds set forth above, Domina's claim is overstated and the Order of Attachment must be vacated, or in the alternative, reduced.  In its Verified Complaint, Domina states that "defendant MEDWAY is in breach of the Charter Party wrongfully and without explanation failed to pay an outstanding amount of the last hire payment due and owing to the plaintiff MEDWAY in the amount of $58,275.61." *See* Docket Entry No. 1 at paragraph 15.  There can be no dispute that this amount has been fully paid by Medway and should be removed from the aggregate total amount claimed to be due and owed in connection with the pending Ex Parte Rule B attachment. *See* e-mail message (dated January 23, 2008) between Ocean Breeze Chartering S.A. and Medway, a copy of which is attached to the Affirmation of George M. Chalos as Exhibit "I".

Additionally, Domina's request of an additional $100,000.00 for *future* interest and legal costs for this matter is exorbitant, unsupported, and unsupportable.

## POINT V

## DOMINA SHOULD BE REQUIRED TO POST COUNTER-SECURITY IN AN AMOUNT EQUAL TO INTRESCO'S ATTACHED FUNDS

Assuming, *arguendo*, that the Court does not vacate the Order of Attachment on the bases set forth above, Domina should be required to post counter-security. The concept of counter-security is found in the first promulgation of the rules in American admiralty courts, and it continues today with little substantive change in Supplemental Rule E (7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See*, Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 402 (5th Cir. 1987). Supplemental Rule E(7) provides in relevant part:

> Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or [counter-]claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim, unless the court, for cause shown, shall otherwise direct . . . .

The final clause of the quoted language makes clear that the trial court possesses discretion in deciding whether to order counter-security. *See*, Afram Lines International, Inc. v. M/V Capetan Yiannis, 905 F.2d 347, 349 (11th Cir. 1990); Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987); 7A James W. Moore et al., MOORE'S FEDERAL PRACTICE P E.15, at E-756 (2d ed. 1995).

The purpose of Rule E(7) is "'to place the parties on an equality as regards security,'" Titan Navigation, 808 F.2d at 403 (*quoting* Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39, 68 L. Ed. 480, 44 S. Ct. 220 (1924)). As was stated by Judge Mukasey when he was a member of this

13

Court, "[t]he purpose [of Rule E(7)] is to force litigants to 'put their money where their mouth is,' so to speak." <u>Continental Shipping, Ltd. v. Telfair Int'l Corp.</u>, 1990 U.S. Dist. LEXIS 11549 (S.D.N.Y. Sept. 4, 1990).

Intresco (UK) will pursue a counterclaim in the London proceeding which arises out of the same transaction or occurrence to the extent its funds will be subject to wrongful attachment here in New York.

Alternatively, (and assuming, *arguendo*, that the Court does not vacate the Ex Parte Order of Attachment on the bases set forth above), Intresco (UK) respectfully requests this Court to issue an Order requiring Domina to post counter-security on a dollar-for-dollar basis for the amount stated in the Ex Parte Order of Attachment issued in favor of Domina. This was the approach used in <u>Clipper Shipping Lines, Ltd. v. Global Transporte Oceanico S.A.</u>, 2007 U.S. Dist. LEXIS 18827, * 7 - 8 (S.D.N.Y. Feb. 26, 2007) (Plaintiff was ordered to post a bond or other satisfactory security and to provide additional security matching any additional property plaintiff has restrained or is able to restrain in the future in any jurisdiction in connection up to the maximum of the counterclaim).

## CONCLUSION

WHEREFORE, undersigned Counsel, on behalf of Specially Appearing parties Intresco (UK) and Intresco (BVI), respectfully request this Honorable Court to:

1. Vacate the Ex Parte Order of Attachment as against Intresco (UK) and Intresco (BVI) as Plaintiff has failed to plead a *prima facie* maritime claim; and/or

2.  Dismiss the Verified Complaint as against Intresco (UK) because the claim is not ripe; and/or

3.  Issue an Order releasing the funds which belong to Intresco (BVI) from attachment; and/or

4.  Dismiss the Verified Complaint as against Intresco (BVI) as Domina has failed to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6); and/or

5.  In the alternative, reduce the amount of security sought by Domina; and/or

6.  Issue an Order requiring Plaintiff to post counter-security; and/or

7.  For such other and further relief that the Court deems just and proper.


Dated: Port Washington, New York
February 20, 2008

Respectfully Submitted,

CHALOS O'CONNOR & DUFFY, LLP
Attorneys for Specially Appearing Parties
INTRESCO LTD. (UK) and INTRESCO
LTD. (BVI)

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

To:     LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
Tel:  (212) 594-2400
Attn:  Kirk M. Lyons, Esq.

15